**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5157**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALAN KING LITTLE,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:11-cr-00169-HMH-1)

_____

Submitted:  October 5, 2012          Decided:  October 16, 2012

_____

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC,
Columbia, South Carolina, for Appellant.  William Jacob Watkins,
Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to an oral plea agreement, Alan King Little pled guilty to conspiracy to distribute and to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846 (2006). Little's counsel has submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether the district court erred in calculating the drug weight used to determine Little's offense level. Little has filed a supplemental pro se brief that also challenges the district court's drug weight calculation, and we have considered it as well.

Our review of the record leads us to conclude that Little is not entitled to relief. This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted), cert. denied, 131 S. Ct. 2943 (2011). We reverse "only if we are left with the definite and firm conviction that a mistake

2

has been committed." United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009) (internal quotation marks omitted). In calculating drug quantity, "the [district] court may consider [any] any relevant information . . . , provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992) (internal quotation marks omitted). When the district court relies on information in the presentence report in making findings, the defendant bears the burden of establishing that the information on which the court relied is incorrect; mere objections are insufficient. United States v. Kiulin, 360 F.3d 456, 461-62 (4th Cir. 2004). We have reviewed the contentions raised on appeal and conclude that Little has not met his burden of establishing that the information used by the district court in calculating drug quantity was incorrect. We therefore conclude that the district court's finding was not clearly erroneous.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review. If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED